IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 29 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

DOUG KELCEY, ET AL.,            §
                                §
          Plaintiffs,           §
                                §
VS.                             §   NO. 4:16-CV-337-A
                                §
PENN-AMERICA INSURANCE COMPANY, §
ET AL.,                         §
                                §
          Defendants.           §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiffs, Doug and
Sue Kelcey, to abstain and remand. The court, having considered
the motion, the response of defendant Penn-America Insurance
Company ("PAIC"), the record, and applicable authorities, finds
that the motion should be denied.

I.

Background

Plaintiffs filed their original petition on April 4, 2016,
in the 153rd Judicial District Court of Tarrant County, Texas.
They allege that they own an insurance policy, number PAC7080864,
issued by PAIC; that the policy insured fifteen properties; that
the properties sustained wind and hail damage; that plaintiffs
submitted a claim to PAIC; that PAIC hired or assigned Crawford &
Company ("Crawford") to adjust the claim; that Crawford assigned
adjustment and estimation of the claim to Roy Le Sims ("Sims");
and that Crawford and Sims underestimated damages on all fifteen

properties. Plaintiffs assert claims against PAIC for breach of contract, noncompliance with the Texas Insurance Code unfair settlement practices provisions, Tex. Ins. Code § 541.060(a), ("unfair settlement practices"), noncompliance with the prompt payment of claims provisions of the Texas Insurance Code, Tex. Ins. Code § 542.055, .056, and .058, ("prompt payment of claims"), breach of duty of good faith and fair dealing, violation of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code §§ 17.41-.63, and fraud. They assert claims against Crawford for unfair settlement practices, for noncompliance with prompt payment of claims, for DTPA violations, and for fraud. They purport to assert claims against Sims for unfair settlement practices, DTPA violations, and fraud.

On May 10, 2016, PAIC filed its notice of removal, bringing the action before this court. PAIC maintains that jurisdiction is proper based on diversity, in that Sims has been improperly joined.

II.

### Ground of the Motion

Plaintiffs maintain that PAIC cannot establish that Sims was improperly joined. They dispute the contention that there is no basis for predicting that they might be able to establish

2

liability against Sims, arguing that they have made sufficient factual allegations against him.

### III.

### Applicable Legal Principles

A.   Removal

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action of which the federal district court would have original jurisdiction.[1] "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . . which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

---

[1] The removal statute provides, in pertinent part, that: [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a) (emphasis added).

B.   Fraudulent or Improper Joinder

To determine whether a party was fraudulently or improperly joined to prevent removal, "the court must analyze whether (1) there is actual fraud in pleading jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant." Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007).  Because defendants have not alleged actual fraud in the pleadings, the applicable test for improper joinder is:

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004). To answer this question, the court may either: (1) conduct a Rule 12(b)(6)-type analysis or (2) in rare cases, make a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Id. at 573-74.  A Rule 12(b)(6)-type analysis of plaintiffs' claims appears to be the proper method here to determine whether there exists a reasonable basis for a conclusion that plaintiffs might be able to recover against Sims.

4

C.   <u>The Pleading Standard to be Used in the Rule 12(b)(6)-</u>
     <u>Type Analysis</u>

     Although there has been some uncertainty as to the pleading

standard to be applied, the Fifth Circuit has most recently held

that federal courts should use the federal court pleading

standard when conducting the Rule 12(b)(6)-type analysis of an

improper joinder claim in a motion to remand to determine if the

plaintiff has stated a claim against a nondiverse defendant.

<u>Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.</u>,

818 F.3d 193, 208 (5th Cir. 2016).[2] Rule 8(a)(2) of the Federal

Rules of Civil Procedure provides, in a general way, the

applicable standard of pleading. It requires that a complaint

contain "a short and plain statement of the claim showing that

the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in

order to give the defendant fair notice of what the claim is and

the grounds upon which it rests," <u>Bell Atl. Corp. v. Twombly</u>, 550

U.S. 544, 555 (2007) (internal quotation marks and ellipsis

omitted).  Although a complaint need not contain detailed factual

allegations, the "showing" contemplated by Rule 8 requires the

plaintiff to do more than simply allege legal conclusions or

───────────────────────

      [2]The court notes that Texas now has a failure-to-state-a-claim rule that is substantially the same
as the federal rule and that Texas courts have interpreted their Rule 91a as requiring a federal Rule
12(b)(6)-type analysis and have relied on federal case law in applying Rule 91a. <u>See, e.g.</u>, <u>Wooley v.</u>
<u>Schaffer</u>, 447 S.W.3d 71, 76 (Tex. App.–Houston [14[th] Dist.] 2014, pet. denied); <u>GoDaddy.com, LLC v.</u>
<u>Toups</u>, 429 S.W.3d 752, 754-55 (Tex. App.–Beaumont 2014, pet. denied). Thus, the outcome would be
the same if the court were to apply the Texas pleading standard.

recite the elements of a cause of action.  <u>Twombly</u>, 550 U.S. at 555 & n.3.  Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings.  See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible.  <u>Iqbal</u>, 556 U.S. at 678.  To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. <u>Id.</u> In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. <u>Id.</u> at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  <u>Id.</u>

In considering a motion under Rule 12(b)(6), the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's

claims. <u>Scanlan v. Tex. A&M Univ.</u>, 343 F.3d 533, 536 (5th Cir.
2003).

IV.

<u>Analysis</u>

Plaintiffs apparently have a fundamental misunderstanding of
what it means to plead facts. They seem to believe that because
they have parroted the language of the Texas Insurance Code and
DTPA they have pleaded claims that would suffice under Rule 8.
They have not. Instead, they have alleged mere labels and
conclusions, which the court is not bound to accept as true.
<u>Ashcroft</u>, 556 U.S. at 679. For example, plaintiffs say that Sims
made misrepresentations, but they do not allege what he said to
whom or when. Nor do they allege what actions they took in
reliance on any specific representations or how they were harmed.

The petition makes clear that plaintiffs' claims arise out
of an alleged breach by PAIC of its duty and the denial of
plaintiffs' claim. They do not allege any damages caused by Sims
individually. Nor have they alleged any actions outside the scope
of Sims' employment. In sum, plaintiffs have failed to state a
claim against Sims and there is no reasonable basis for the court
to predict that plaintiffs might be able to recover from him.

7

V.

Order

The court ORDERS that plaintiffs' motion to abstain and remand be, and is hereby, denied.

The court further ORDERS that all claims and causes of action asserted by plaintiffs against Sims be, and are hereby, dismissed without prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

The court further ORDERS that from this point forward PAIC and Crawford are the only defendants in this action and that the style of this action shall be "Doug and Sue Kelcey, plaintiffs, v. Penn-America Insurance Company, and Crawford & Company, defendants."

SIGNED June 29, 2016.

_____
JOHN McBRYDE
United States District Judge